**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION**

| | |
|---|---|
| _____ ) | |
| MICROBLUE BEARINGS, INC. ) | |
| ) | |
|     Plaintiff ) | |
| ) | Civil Action No. 5:15-cv-99 |
|     vs. ) | |
| ) | |
| MACHMODIFIED INCORORATED, ) | |
| ) | |
|     Defendant. ) | |
| _____) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Microblue Bearings Inc., by and through its legal counsel, TREGO, HINES & LADENHEIM, PLLC, and in support of the instant Complaint against Defendant Machmodified Incorporated, does hereby allege and aver:

### THE PARTIES

1. Microblue Bearings, Inc. (hereinafter, "MicroBlue") is a North Carolina corporation with a principal place of business at 7473 Hagers Hollow Drive, Denver, NC 28037.

2. Upon information and belief, MachModified Incorporated is a New York corporation with a principal place of business located at 100 Allen Blvd, Framingdale, New York 11735.

### Jurisdiction and Venue

3. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

1

4. This Court has original and exclusive subject matter jurisdiction over the patent claims asserted herein pursuant to 35 U.S.C. §271 *et seq.* and 28 U.S.C.§1331, §1338.

5. This Court has original and exclusive jurisdiction over the copyright claims asserted herein pursuant to 17 U.S.C. §101 *et seq.* and 28 U.S.C. §§1331, 1338(a).

6. The jurisdictional prerequisite imposed by 17 U.S.C. §411(a) is satisfied by United States Copyright Registration No. TX 7-949-692.

7. This Court has original federal question jurisdiction over the trademark claims asserted herein pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

8. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

9. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims as to form part of the same case or controversy under Article III of the United States Constitution.

10. Upon information and belief, each of the Named Defendants has sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**Background**

12. MicroBlue is in the business of, *inter alia*, providing performance coatings that reduce friction and extend the useful life of moving parts.

2

13. The performance coating offered by MicroBlue creates an atomic bond with the surface of the item being treated, accordingly, the coating will not chip, flake, or peel.

14. Moreover, the performance coating itself is extremely thin, a treated part will have increased in size by approximately 1 micron – meaning, for all practical purposes, that the performance coating does not increase the size of the object being treated.

15. The performance coating offered by MicroBlue is used on a wide range of products including: transmissions, pistons, injector pumps, crankshafts, engine bearings, cam drives, valves and wrist pins.

16. The MicroBlue performance coating is actively marketed to the automobile and motorcycle racing industries and to the trucking industry.

17. MicroBlue is the owner of an extensive body of intellectual property which it uses in connection with its performance coating business.

18. Included in that body of intellectual property are registered patents, copyrights and trademarks.

**The Patents in Suit**

19. MicroBlue's performance coating and its method of application are protected by patents issued by the United States Patent and Trademark Office.

20. On December 20, 2005, United States Patent No. 6,977,096 ("the '096 Patent") was duly and legally issued for a "Method of Coating Surface with Tungsten Disulfide." A true and correct copy of the '096 Patent is attached hereto as Exhibit 1.

21. MicroBlue is the owner of all right, title and interest in and to the '096 Patent.

22. The '096 is, and at all relevant times in the past has been, in full force and effect.

3

23. On June 19, 2007, United States Patent No. 7,232,614 ("the '614 Patent") was duly and legally issued for an "Tungsten Disulfide Surface Treatment" A true and correct copy of the '614 Patent is attached as Exhibit 2.

24. MicroBlue is the owner of all right, title and interest to the '614 Patent.

25. The '614 Patent is, and at all relevant times in the past has been, in full force and effect.

## The Copyright in Suit

26. MicroBlue promotes its goods and services in a variety of media including on the Internet website www.microblueracing.com.

27. MicroBlue is the owner of all right, title, and interest to the prose and copy associated with the text appearing on the Internet website www.microblueracing.com.

28. MicroBlue is the owner of United States Copyright Registration No. TX 7-949-692 (hereinafter, "the '692 CR Registration") for the work entitled "MBR WEB TEXT". A true and correct copy of the Public Catalog Entry for the '692 CR Registration downloaded from the United States Copyright Office and an identifying portion of the associated deposit material is attached hereto as Exhibit 3.

## The Trademark in Suit

29. MicroBlue has been using the trademark MICROBLUE® in connection with anti-friction metal treatment services since at least as early as January 2002.

30. MicroBlue is the owner of United States Trademark Registration No. 2,718,017 (hereinafter, "the '017 TM Registration") for the mark MICROBLUE® for use in connection with anti-friction metal treatment. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.

4

31. The '017 TM Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065, and remains active, valid, and enforceable.

32. MicroBlue has invested, and continues to invest, significant resources in the development, promotion and protection of the MICROBLUE® mark.

33. As a result of its concerted branding efforts, the MICROBLUE® mark has become widely associated, in the minds of the consuming and general public, with the goods and services offered by MicroBlue.

34. The MICROBLUE® mark is indicative to both the trade industry and consumers that items bearing, or services offered under, the MICROBLUE® mark originate from, or are sponsored or approved by, MicroBlue, and constitute genuine and authentic MicroBlue goods and services.

### The infringing Acts of Defendants

35. Upon information and belief, Defendants Machmodified Incorporated, Marco Costiglio, and Christian Modifed (hereinafter, collectively, "MMI") are in the business of, *inter alia*, providing performance coatings that reduce friction and extend the useful life of moving parts.

36. MMI maintains an Internet website at www.machmodified.com which it uses in connection with its performance coating business.

37. The MMI website identifies the MMI performance coating by the brand name "Slick-Blue®" (sic).

38. According to the MMI website: "Slick-Blue® (sic) Super Finish is a proprietary finish that significantly reduces friction and prolongs the life of the applied substrate. Bearings,

5

reciprocating engine parts, turbochargers, transmission, differential parts, drill bits, end mills and tooling all benefit for Slick-Blue® Super Finish."

39. The MMI website specifically targets, *inter alia*, consumers who are participants in the motorcycle racing industry.

40. Upon information and belief, MMI is a direct competitor of MicroBlue in the performance coating industry.

41. Upon information and belief, the "Slick-Blue® (sic) Super Finish" described on the MMI website infringes one or more of the claims of the '096 Patent.

42. Upon information and belief, the "Slick-Blue® (sic) Super Finish" described on the MMI website infringes one or more of the claims of the '614 Patent.

43. The MMI website contains the following illustrative drawings which purportedly demonstrate the advantages of its alleged "proprietary finish":



44. Upon information and belief, the illustrative drawings referenced in Paragraph 43 above are in fact nothing more than replications of Fig. 1, Fig. 2, and Fig. 3 found in both the '096 Patent and the '614 Patent owned by MicroBlue:

6



45. As of November 14, 2014, the MMI website contained a product description of MMI's alleged "proprietary finish" which was substantially identical to the product description for the MICROBLUE® product description found on the MicroBlue website:

| MicroBlue Web Text | MMI Web Text |
| --- | --- |
| What it is:<br>MicroBlue® is a patented coating system that greatly reduces friction and extends the life of all moving and lubricated parts it's applied to. This includes any bearing type, all reciprocating engine parts, turbochargers, transmission and differential parts. The improvements in efficiency and life are not subtle. Whether your aim is to improve fuel economy, extend life or simply win races, there is simply no other process on the planet that can compare to the improvements MicroBlue® brings to the equation.<br><br>How it works:<br>MicroBlue® literally changes the way lubricants work, the same way that soft water changes the way soap wets your | Say what?<br>Slick-Blue® Performance Coating is a patented coating system that extremely reduces friction and extends the life of all moving parts or any part it's applied to. This includes any bearing type, all reciprocating engine parts, turbochargers, transmission and differential parts. The improvements in efficiency and life are not subtle. Whether your aim is to improve gain power, extend life or win races, there is simply no other process on the planet that can compare to the improvements Slick-Blue PC® brings to the equation.<br><br>It does what?<br>Slick-Blue PC® literally changes the way lubricants work, the same way that soft water changes the way soap wets your |

7

| | |
|---|---|
| skin. The coating contains atomic sulphur, which positively effects all lubricants. As a result when a lubricant comes in contact with MicroBlue, it changes the way it "wets" the surface, reducing the surface tension of the oil, which makes it far more efficient in reducing friction.<br><br>Why it lasts:<br>MicroBlue® is different from other coatings in many ways. The most important of which is the way it's applied. It is literally blasted on the surface, and uses no heat or binders. And because it cannot bond to itself, build-up is a non issue. And the best part is there's absolutely no size change, no adjustments needed. Where other coatings use adhesion to stay on the surface, the MicroBlue process creates an atomic bond, which makes it impossible to chip, flake or peel. What's more, it's friction reducing abilities do not degrade over time. Your bearings will roll just as freely years from now, as they did when new. | skin. The coating contains a rare earth compound, which positively effects all lubricants. As a result when a lubricant comes in contact with Slick-Blue PC®, it changes the way it "wets" the surface, reducing the surface tension of the oil, which makes it far more efficient in reducing friction.<br><br>Does it last?<br>Slick-Blue PC® is different from other coatings in many ways. The most important of which is the way it's applied. It is literally blasted on the surface, and uses no heat or binders. And because it cannot bond to itself, build-up is a non issue. Absolutely no size change occurs with Slick-Blue PC®, meaning no adjustments needed. Where other coatings use adhesion to stay on the surface, the Slick-Blue PC® process creates an atomic bond, which makes it impossible to chip, flake, peel or degenerate over time. |

46. Upon information and belief, MMI does not own a United States Trademark Registration for the term: "Slick-Blue."

47. Notwithstanding, MMI uses the ® designation in connection with its alleged "Slick-Blue" mark.

48. Moreover, the MMI website repeatedly uses the term "Slick-Blue" in connection with the phrase "Micro Polish" or "Micro Polishing", for example: "SLICKBLUE® & MICRO-POLISH - UNBEATABLE POWER COMBINATION"

49. Upon information and belief, MMI's use of the alleged "Slick-Blue" mark in connection with the provision of performance coating services is likely to create consumer confusion in the marketplace vis-à-vis the MICROBLUE® mark owned by MicroBlue.

8

50. MicroBlue has never given MMI permission to exploit the technology embodied in the '096 Patent or the '614 Patent.

51. MicroBlue has never given MMI permission to copy, or make derivative works from, the work embodied in the '692 CR Registration.

52. MicroBlues has never given MMI permission to use the "Slick-Blue" mark or any other mark confusingly similar to the MICROBLUE® mark embodied in the '017 TM Registration.

**COUNT I**
**Infringement of the '096 Patent**
**(35 U.S.C. §271)**

53. Paragraphs 1 – 52 are incorporated by reference herein as though set forth in their entirety.

54. On December 20, 2005, United States Patent No. 6,977,096 was duly and legally issued to Material Technologies, Inc. for a "Method of Coating Surface with Tungsten Disulfide."

55. MicroBlue or its predecessor in interest owned the '096 Patent throughout the period of the MMI's infringement and is still the owner of all right, title and interest to the '096 Patent.

56. The '096 Patent is, and at all relevant times in the past has been, in full force and effect.

57. Upon information and belief, MMI has infringed, and continues to infringe, the '096 Patent because it has manufactured, made, had made, used, practiced, imported, provided, supplied, distributed, sold, and/or offered for sale products that directly infringe one or more claims of the '096 Patent.

58. Upon information and belief, MMI will persist in its infringing conduct unless and until enjoined by this Court.

59. Upon information and belief, MMI knew of the '096 Patent and nevertheless pursued their knowing and willful infringement in flagrant disregard of the rights of MicroBlue.

60. Upon information and belief, the knowing and willful infringement perpetrated by MMI makes this an exceptional case within the meaning of 35 U.S.C. §285 and entitles MicroBlue to an award of its attorneys' fees.

61. MicroBlue has been damaged as a result of the infringing conduct of MMI and MMI is therefore liable to MicroBlue in an amount that adequately compensates MicroBlue for such infringement which cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

**COUNT II**
**Infringement of the '614 Patent**
**(35 U.S.C. §271)**

62. Paragraphs 1 – 61 are incorporated by reference herein as though set forth in their entirety.

63. On June 19, 2007, United States Patent No. 7,232,614 was duly and legally issued to Material Technologies, Inc. for a "Tungsten Disulfide Surface Treatment."

64. MicroBlue or is predecessor in interest owned the '614 Patent throughout the period of the MMI's infringement and is still the owner of all right, title and interest to the '614 Patent.

65. The '614 Patent is, and at all relevant times in the past has been, in full force and effect.

66. Upon information and belief, MMI has infringed, and continues to infringe, the '614 Patent because it has manufactured, made, had made, used, practiced, imported, provided,

supplied, distributed, sold, and/or offered for sale products that directly infringe one or more claims of the '614 Patent.

67. Upon information and belief, MMI will persist in its infringing conduct unless and until enjoined by this Court.

68. Upon information and belief, MMI knew of the '614 Patent and nevertheless pursued their knowing and willful infringement in flagrant disregard of the rights of MicroBlue.

69. Upon information and belief, the knowing and willful infringement perpetrated by MMI makes this an exceptional case within the meaning of 35 U.S.C. §285 and entitles MicroBlue to an award of its attorneys' fees.

70. MicroBlue has been damaged as a result of the infringing conduct of MMI and MMI is therefore liable to MicroBlue in an amount that adequately compensates MicroBlue for such infringement which cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

## COUNT III
## Federal Copyright Infringement
## (17 U.S.C. §411)

71. Paragraphs 1- 70 are incorporated by reference herein as though set forth in their entirety.

72. MicroBlue is the owner of all right, title and interest in and to that certain work entitled "MBR WEB TEXT" which is the subject of and protected by the '692 CR Registration.

73. Upon information and belief, MMI, willfully and without authorization, created or caused to be created, and distributed or caused to be distributed, one or more unauthorized derivative works based on the work embodied in the '692 CR Registration.

11

74. Such conduct constitutes a willful violation of the exclusive rights of the owner of the '692 CR Registration as set forth in 17 U.S.C. §106 and creates in MicroBlue, as the copyright owner, a cause of action for copyright infringement under 17 U.S.C. §501.

75. MicroBlue has been damaged by the conduct of MMI and will continue to be so damaged in the absence of relief granted by this Court.

76. By reason of the foregoing, MicroBlue is entitled to recover its damages together with all profits of MMI attributable to the infringement.

**Count IV**
**Federal Trademark Infringement**
**(15 U.S.C. §1114)**

77. Paragraphs 1-76 are incorporated by reference herein as though set forth in their entirety.

78. MicroBlue is the owner of the '017 TM Registration for the mark MICROBLUE® for use in connection with anti-friction metal treatment.

79. Upon information and belief, MMI had actual knowledge of the MICROBLUE® mark owned by MicroBlue and, without the consent of MicroBlue, knowingly and deliberately used in commerce, in connection with the provision of anti-friction performance coatings a mark which are likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

80. The acts of MMI as described herein constitute infringement of the MICROBLUE® mark embodied in the '017 TM Registration.

81. As a direct and proximate cause of the infringing acts of MMI, MicroBlue has been damaged in an amount to be determined at trial.

82. MicroBlue is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of MMI, and the cost of the action under 15 U.S.C. §1117.

12

83. The acts of MMI as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

84. The acts of MMI as described herein have caused and will continue to cause serious irreparable injury to MicroBlue and to the good will associated with the MICROBLUE® mark unless restrained and enjoined by this Court. MicroBlue has no adequate remedy at law.

**COUNT V**
**Federal Unfair Competition**
**(15 U.S.C. §1125(a))**

85. Paragraphs 1-86 are incorporated by reference herein as though set forth in their entirety.

86. Upon information and belief, MMI had actual knowledge of the MICROBLUE® mark owned by MicroBlue and, without the consent of MicroBlue, knowingly and deliberately used in commerce, in connection with the provision of anti-friction metal treatment, a mark which is likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

87. Upon information and belief, MMI used the designation "Slick-Blue" in commerce in connection with the provision of anti-friction metal treatment and such use is likely to create consumer confusion in the marketplace.

88. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between MicroBlue and MMI, or as to the origin, sponsorship, or approval of the services or commercial activities of MMI by MicroBlue.

13

89. As a direct and proximate cause of the acts of MMI as described herein, MicroBlue has been damaged in an amount to be determined at trial.

90. MicroBlue is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of MMI, and the cost of the action under 15 U.S.C. §1117.

91. The acts of MMI as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

92. The acts of MMI as described herein have caused and will continue to cause serious irreparable injury to MicroBlue and to the good will associated with the MICROBLUE® mark unless restrained and enjoined by this Court. MicroBlue has no adequate remedy at law.

## COUNT VI
### North Carolina Unfair and Deceptive Trade Practices
### (N.C. Gen. Stat. §75-1.1.)

93. Paragraphs 1- 92 are incorporated by reference herein as though set forth in their entirety.

94. MMI's false and misleading claims of ownership as described in the forgoing paragraphs, and the infringing conduct describe in each cause of action herein asserted, constitutes unfair and/or deceptive trade practices that have occurred and are occurring in commerce and have proximately caused and are proximately causing injury to MicroBlue. Thus, these activities violate the North Carolina statutory prohibition of unfair and deceptive trade practices. N.C. Gen. Stat. §75-1.1.

95. By reason of the foregoing, MicroBlue is entitled to recover from MMI, treble damages and reasonable attorneys' fees, pursuant to N.C. Gen. Stat. §75-16 and 75-16.1.

14

## COUNT VII
## North Carolina Common Law
## Trademark Infringement / Unfair Competition

96. Paragraphs 1-95 are incorporated by reference herein as though set forth in their entirety.

97. MMI has used the mark "Slick-Blue" in commerce in connection with provision of anti-friction metal treatment, which use is likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of North Carolina.

98. MMI's false and misleading claims of ownership described in the forgoing paragraphs, and in the infringing conduct described each cause of action herein asserted, constitute unfair acts that have damaged the legitimate business of MicroBlue; therefore those activities constitute unfair competition pursuant to the common law of North Carolina.

99. MicroBlue has been damaged by the conduct of MMI as described herein and will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, MicroBlue prays for a judgment against MMI as follows:

A.     Adjudging that MMI has infringed the '096 Patent and the '614 Patent;

B.     Permanently enjoining MMI, its affiliates, officers, directors, employees, agents, licensees, subsidiaries, successors and assigns, and any and all persons acting in privity or in concert with any of them who receive notice of the injunction, including distributors and customers, from continuing acts of infringement of the '096 Patents and the '614 Patent;

C.     Awarding MicroBlue damages resulting from MMI's infringement of the '096 Patent and the '614 Patent, together with pre-judgment and post-judgment interest;

Case 5:15-cv-00099   Document 1   Filed 08/04/15   Page 15 of 18

D.      Adjudging that MMI is a willful infringer and trebling the aforesaid damages pursuant to 35 U.S.C. §284;

E.      Adjudging that this case is exceptional and awarding MicroBlue its reasonable attorneys' fees, pursuant to 35 U.S.C. §285;

F.      Adjudging that MMI has infringed the copyright embodied in the '692 CR Registration;

G.      Permanently enjoining MMI, its affiliates, officers, directors, employees, agents, licensees, subsidiaries, successors and assigns, and any and all persons acting in privity or in concert with any of them who receive notice of the injunction, including distributors and customers, from continuing acts of infringement of the work embodied in the '692 CR Registration.

H.      Awarding MicroBlue damages and infringer profits pursuant to 17 U.S.C. §504 resulting from MMI's infringement of the '692 CR Registration;

I.      Adjudging that MMI has infringed the MICROBLUE® mark embodied in the '017 TM Registration;

J.      Adjudging that MMI has committed Federal Unfair Competition in violation of Section 43(a) of the Lanham Act;

K.      Permanently enjoining MMI, its affiliates, officers, directors, employees, agents, licensees, subsidiaries, successors and assigns, and any and all persons acting in privity or in concert with any of them who receive notice of the injunction, including distributors and customers, from continuing acts of infringement of the MICROBLUE® mark embodied in the '017 TM Registration including from using the "Slick-Blue" designation or any marks confusingly similar thereto;

L.      Awarding MicroBlue damages against MMI resulting from MMI's violation of Section 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

> 1) all profits received by MMI from sales and revenues of any kind as a result of the actions complained of herein; and
>
> 2) all damages sustained by MicroBlue as a result of each MMI's acts of infringement and unfair competition, and that such damages be trebled; and
>
> 3) that, in light of the deliberate and willful actions of MMI this action be designated an exceptional case, thereby entitling MicroBlue to an award of all reasonable attorneys' fees, costs, and disbursements incurred by MicroBlue as a result of this action, pursuant to 15 U.S.C. §1117, and that MicroBlue be awarded such relief;

M.      Awarding MicroBlue damages resulting from MMI's unfair and deceptive trade practices and that those damages be trebled pursuant to N.C. Gen. Stat. §75-16 and that MicroBlue be awarded its reasonable attorneys' fees pursuant to N.C. Gen Stat. §75-16.l;

N.      Awarding MicroBlue damages resulting from MMI's common law trademark infringement and common law unfair competition;

O.      That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

P.      That MicroBlue be awarded the costs and attorneys' fees it incurs in this action; and

Q.      That all triable issues be brought before a jury.

Dated this 4th day of August, 2015.     Respectfully submitted,

/s/ Matthew J. Ladenheim
Matthew J. Ladenheim, NC Bar 29309
Jonathan M. Hines, NC Bar 25561
TREGO HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway Suite 210
Charlotte, North Carolina 28269
Phone: 704-599-8911
Fax: 704-599-8719
mjl@thlip.com
*Counsel for Plaintiff MicroBlue*