**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:15-CV-00099-RLV-DCK**

| | |
|---|---|
| MICROBLUE BEARINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MACHMODIFIED INCORORATED, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff MicroBlue Bearings, Inc.'s Motion for Entry of Consent Judgment (the "Motion"). [Doc. No. 12]. Defendant Machmodified Incorporated has expressly consented to the Court's entry of the following order and judgment. [Doc. No. 12-1] at p. 7. Based on the Court's review of the record, the Court finds that the parties in the above captioned proceeding have resolved their dispute pursuant to a settlement agreement, which contemplates, *inter alia*, the entry of the following Consent Judgment and Permanent Injunction in favor of Plaintiff and against Defendants. By consent of the parties, the Court hereby enters final judgment in the form set forth herein.

**NOW**, **THEREFORE**, it is **ORDERED**, **ADJUDGED** and **DECREED**:

1.  Microblue Bearings, Inc. (hereinafter, "MicroBlue") is a North Carolina corporation with a principal place of business at 7473 Hagers Hollow Drive, Denver, NC 28037.

2.  MachModified Incorporated (hereinafter, "MMI") is a New York corporation with a principal place of business located at 100 Allen Blvd, Framingdale, New York 11735.

3. The Court has subject matter jurisdiction over claims asserted pursuant to 15 U.S.C. § 1121 *et seq.*, 17 U.S.C. §101 *et seq.*, 35 U.S.C. §271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, and 1367.

4. The Court has personal jurisdiction over the parties in this case, and venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b).

5. MicroBlue is in the business of, *inter alia*, providing performance coatings that reduce friction and extend the useful life of moving parts.

6. MicroBlue is the owner of an extensive body of intellectual property which it uses in connection with its performance coating business.

7. Included in that body of intellectual property are registered patents, copyrights and trademarks.

8. MicroBlue is the owner of all right, title and interest in and to United States Patent No. 6,977,096 (the "'096 Patent") for a "Method of Coating Surface with Tungsten Disulfide."

9. MicroBlue is also the owner of all right, title an interest in and to United States Patent No. 7,232,614 (the "'614 Patent") for a "Tungsten Disulfide Surface Treatment."

10. MicroBlue is the owner of all right, title, and interest in United States Copyright Registration No. TX 7-949-692 (hereinafter, the "'692 CR Registration") for the work entitled "MBR WEB TEXT."

11. MicroBlue is the owner of United States Trademark Registration No. 2,718,017 (hereinafter, the "'017 TM Registration") for the mark MICROBLUE® for use in connection with anti-friction metal treatment.

12. The '096 Patent, the '614 Patent, the '692 CR Registration, and the '017 TM Registration are, and at all relevant times in the past have been, in full force and effect.

13. The '017 TM Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065, and remains active, valid, and enforceable.

14. Defendant MMI is in the business of, *inter alia*, providing performance coatings that reduce friction and extend the useful life of moving parts.

15. In the course of providing performance coating services, without the consent or permission of MicroBlue, MMI copied or caused to be copied works of artistic expression protected by the '692 CR Registration.

16. In the course of providing performance coating services, without the consent or permission of MicroBlue, MMI used a mark, SLICK-BLUE, which is likely to cause consumer confusion in the marketplace relative to the MICROBLUE mark protected by the '017 TM Registration.

17. In the course of providing performance coating services, without the consent or permission of MicroBlue, MMI practiced the invention and method disclosed in the '096 Patent and the '614 Patent.

18. MicroBlue has alleged that MMI's actions constitute, *inter alia*, patent infringement, copyright infringement, trademark infringement, unfair competition, and unfair and deceptive trade practices, the particulars of which allegations are more fully set forth in the Complaint filed in this lawsuit.

19. MicroBlue and MMI each have consented to the entry of judgment in this matter in favor of MicroBlue and against MMI with respect to each of MicroBlue's claims against MMI.

20. Accordingly, the Court finds that MMI's actions, as described herein and in the Complaint, constitute: patent infringement (35 U.S.C. § 271), copyright infringement (17 U.S.C. § 501), trademark infringement and unfair competition under the law of the United States (15

U.S.C. §§ 1114 & 1140), and deceptive or unfair trade practice under the North Carolina Unfair and Deceptive Trade Practices (N.C.G.S. § 75-1).

21. MicroBlue and MMI have further agreed to the entry of a Permanent Injunction in favor of MicroBlue and against MMI.

22. The Court finds that MMl's conduct has caused, and in the absence of relief from the Court will continue to cause, irreparable injury to the value and goodwill of MicroBlue's patents, trademarks, and copyrights; that the injury is not readily compensable by traditional remedies at law; that the balance of the hardships with respect to the issuance of an injunction falls in the favor of MicroBlue; and that the public interest will be served by issuance of an injunction.

23. Accordingly, MMI, along with its agents, servants, employees, representatives, subsidiaries, successors, and assigns, and all persons acting in concert or participation with it are hereby **PERMANENTLY ENJOINED** and **RESTRAINED FROM**:

  a. reproducing, preparing derivatives of, distributing copies of, or displaying, the work embodied in the '692 CR Registration;

  b. using the mark SLICK-BLUE in connection with the provision of performance coating services;

  c. using any other mark in connection with performing coating services which is likely to create consumer confusion with the MICROBLUE® mark embodied in the '017 TM Registration;

  d. making, using, selling, offering for sale, or otherwise practicing the invention and method disclosed in the '096 Patent and the '614 Patent;

  e. using any false designation of origin or false description which can or is likely to lead the trade, public, or individuals erroneously to believe that any good or service offered

by MMI has been manufactured, produced, distributed, offered for distribution, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for MicroBlue, when such is not true in fact; and

f. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraph 23(a-e) above.

24. MicroBlue and MMI have further agreed to the entry of an award of damages resulting from MMI's infringement in the amount of one hundred seventy-five thousand dollars ($175,000.00).

25. Accordingly, the Court hereby enters an award of damages, in favor of MicroBlue and against MMI, in the amount of one hundred seventy-five thousand dollars ($175,000.00).

26. This *Consent Judgment and Permanent Injunction* shall be enforceable by MicroBlue, and its successors and assigns, and shall be enforceable against MMI, and its successors and assigns.

27. Each party shall bear its own costs and attorneys' fees.

**IT IS, THEREFORE, ORDERED THAT**

(1) The Motion is hereby **GRANTED** (Doc. No. 12);

(2) The Consent Judgment filed by the parties is **ADOPTED** as the Court's judgment;

(3) Defendant MMI is **PERMANENTLY ENJOINED** as specified herein; and

(4) Plaintiff MicroBlue is **AWARDED** the sum of ONE HUNDRED AND SEVENTY-FIVE THOUSAND DOLLARS ($175,000.00) in damages.

(5) The Clerk shall administratively terminate this case.

**SO ORDERED**.

Signed: March 2, 2016

*/s/ Richard L. Voorhees*



Richard L. Voorhees
United States District Judge